■ ELEANOR KROUL, Respondent, v. HARTLEY KROUL, Appellant.— In an action *inter alia* for divorce, defendant appeals from (1) a judgment of the Supreme Court, Nassau County, dated November 17, 1972, which, after a nonjury trial, *inter alia* granted plaintiff a divorce and (2) an order of the same court, dated November 21, 1972, which denied defendant's motion to dismiss the complaint on the ground of lack of jurisdiction of the subject matter. Order affirmed, without costs. No opinion. Judgment modified, on the law and the facts, by deleting therefrom the fifth and sixth decretal paragraphs, which conditionally awarded plaintiff $6,750 as damages by reason of defendant's removal of two paintings and a piece of sculpture from the parties' marital home, i.e., in the event defendant fails to return the same within a period of 10 days. As so modified, judgment affirmed, without costs. The parties were married in December of 1951. In 1968 or 1969, defendant purchased two paintings at a cost of $325 and a piece of sculpture at a cost of $75. These works of art were kept at the marital home in Kings Point and

thereafter at the parties' marital apartment in Great Neck. In May of 1971, subsequent to defendant's abandonment of plaintiff, defendant removed the afore-mentioned works of art from the marital apartment without plaintiff's consent. Thereafter, plaintiff commenced this action and she testified at the trial that at the time of the art purchases, defendant told her that one painting was worth approximately $9,000, that the other was worth $4,000 and that the sculpture was worth approximately $400 or $500. Defendant in his testimony denied that he had told plaintiff that the paintings were of such value. Plaintiff testified further that defendant had said to her that these works of art belonged to him. The trial court determined that the value of the two paintings and the sculpture was $13,500 and awarded plaintiff a judgment in the sum of $6,750, one half thereof. In our opinion, the evidence showed that the subject works of art had been purchased by defendant and were his sole property. Their bare common possession did not result in a joint ownership (see *Manheim* v. *Manheim*, 60 Misc 2d 88, affd. 34 A D 2d 735). Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.